869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward COLLINS, Jr., Son of Mary Hardy, deceased,
Plaintiff-Appellant, Cross- Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee,
Cross-Appellant.
 No. 87-5914.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before ENGEL, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 In an opinion issued in June 1988, this court postponed decision on plaintiff's claim for entitlement to attorney's fees under Sec. 2412(d) of the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d) (Supp.1988), until the en banc court decided Riddle v. Secretary of Health and Human Services, 817 F.2d 1238 (6th Cir.), vacated and reh'g granted, 823 F.2d 164 (6th Cir.1987). Before this court could hear Riddle en banc, the Supreme Court handed down its decision in Pierce v. Underwood, 101 L.Ed.2d 490 (1988) in which it resolved the dispute over the meaning of "substantially justified" in Sec. 2412(d). Because we conclude that the district court did not evaluate the plaintiff's entitlement to attorney fees according to the "substantially justified" standard as defined by the Supreme Court in Pierce, we reverse the decision of the district court and remand with instructions that the district court reconsider the question of whether plaintiff is entitled to attorney's fees in light of Pierce.
 
 I.
 
 2
 Our previous opinion in this case set forth the pertinent underlying facts:
 
 
 3
 On March 16, 1981, Mary Hardy filed applications for disability insurance benefits and supplemental security income alleging a disability onset date of November 30, 1978. Her claims were denied at the administrative levels and she appealed the district court. The district court remanded the case, over the claimant's objection, for further findings of fact regarding jobs the claimant could perform exertionally and educationally. On remand, the ALJ determined that the claimant was under a disability which began on November 30, 1978, and was therefore entitled to benefits. The Appeals Council concurred that the claimant was disabled but found that the record only contained evidence of a disability onset date of July 3, 1980. Since the claimant had not become disabled prior to the expiration of her insurance status on December 31, 1979, the Appeals Council found that she was not entitled to disability insurance benefits. However, the Appeals Council found that the claimant was entitled to supplemental security income. On appeal, the district court found that the Appeals Council's determination that the disability onset date was July 3, 1980, was not supported by substantial evidence. The court found that the onset date was November 30, 1978, and remanded the case for an award of benefits.
 
 
 4
 Plaintiff[1] subsequently filed a claim for attorney's fees pursuant to 28 U.S.C. Sec. 2412(b) and (d) (Supp.1988). The district court denied plaintiff's motion for attorney's fees pursuant to Sec. 2412(b), and we affirmed that denial in our earlier opinion. However, the district court granted attorney's fees under Sec. 2412(d). Subsection (d)(1)(A) provides:
 
 
 5
 Except as otherwise specifically provided for by statute, a court shall award to a prevailing party other than the United States fees and other expenses in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 6
 28 U.S.C. Sec. 2412 (Supp.1988) (emphasis added). In granting plaintiff's motion for attorney's fees under this statute, the district court stated that it had previously "found that the Secretary's decision denying plaintiff's claim for disability insurance benefits was not supported by substantial evidence. Therefore, absent extraordinary circumstances, the Secretary's position was not substantially justified within the meaning of 28 U.S.C. Section 2412(d)(1)(A)."
 
 II.
 
 7
 Prior to the 1985 amendments to the EAJA, this court had explained that "[w]hether or not the government's position is substantially justified is basically a question of reasonableness. 'The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced.' " Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974, 980 (6th Cir.1985) (citations omitted). However, following the 1985 amendments, a panel of this court held that "in order to be substantially justified, the government's position must have more than a 'reasonable basis' in law and fact. Instead, the government's position must be firmly grounded or solidly based in law and fact." Riddle v. Secretary of Health and Human Services, 817 F.2d 1238, 1244 (6th Cir.1987), vacated and reh'g granted, 823 F.2d 164 (6th Cir.1987) (emphasis in original).
 
 
 8
 Before this court could rehear Riddle en banc, the Supreme Court handed down its decision in Pierce v. Underwood, 101 L.Ed.2d 490 (1988). In Pierce, the Supreme Court held that "substantially justified" meant "justified to a degree that would satisfy a reasonable person." Id. at 504. As the Court itself noted, this standard is no different from that enunciated by this court in Trident Marine. Id. at 504-05.
 
 
 9
 We hold that the district court erred in concluding that plaintiff was entitled to attorney's fees because the court had previously found that the Secretary's decision denying plaintiff's claim for benefits was not supported by substantial evidence. We therefore REVERSE the district court's decision and REMAND this case to the district court with instructions that it reconsider the question of whether plaintiff is entitled to attorney's fees under Sec. 2412(d) in light of the Supreme Court's decision in Pierce.
 
 
 
 [1]
 The claimant, Mary L. Hardy, is now deceased. Thereafter, her husband was substituted as plaintiff. After her husband's death, Mary Hardy's son, Edward Collins, was substituted as the plaintiff